IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00253-MR

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 9] and the Plaintiff's Notice of Appeal [Doc. 14].

The Plaintiff initiated this action against the Acting Commissioner of Social Security on November 22, 2022. [Doc. 1]. On February 13, 2023, the Commissioner filed a Motion to Dismiss the Plaintiff's Complaint on the grounds that she had failed to exhaust her administrative remedies. [Doc. 9]. On February 23, 2023, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of her right to respond to the Defendant's motion and giving her thirty (30) days to do so. [Doc. 12]. On March 16, 2023, the Plaintiff filed a pleading, which was

docketed as a response to the Defendant's Motion. [Doc. 13]. Thereafter, on April 11, 2023, the Plaintiff filed a Notice of Appeal to the Court of Appeals for the Fourth Circuit, apparently appealing the Court's Roseboro Order. [Doc. 14].

Generally, a party may seek to appeal only from a final order or judgment of a district court. See 28 U.S.C. § 1291(a) (allowing interlocutory appeal of certain extraordinary orders, such as injunctions or receivership orders). In other instances, a party seek permission to file an interlocutory appeal if the order to be appealed involves a controlling question of law as to which there is substantial ground for difference of opinion and there is a determination that an immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

The order from which the Plaintiff has appealed is not a final order or judgment. Further, she has not sought permission to file an interlocutory appeal under § 1292(b).[1] As such, the Court finds the Plaintiff's appeal to be frivolous and therefore declines to stay the proceedings pending the resolution of the Plaintiff's appeal. The Court will afford the Commissioner

---

[1] Even if the Plaintiff had sought permission, the Court would have denied such request.

an opportunity to file a reply to the Plaintiff's response and thereafter will dispose of the Commissioner's motion.

**IT IS, THEREFORE, ORDERED** that the Commissioner may file a reply in support of her Motion to Dismiss within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge