IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00253-MR

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) ) Plaintiff, ) ) vs. ) ) KILOLO KIJAKAZI, ) Acting Commissioner of Social ) Security, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 9].

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On November 22, 2022, the Plaintiff, Pakuja Crystal Vang ("Plaintiff") filed this action against Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner"). [Doc. 1]. The Plaintiff utilized a standard "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" form to file her Complaint. [Id.]. In the section titled "Basis for Jurisdiction," she was to check the type of claim she was filing from the following list: Disability Insurance Benefits Claim (Title II); Supplemental Security Income Claim (Title XVI); Child Disability Claim; or Widow or

Widower Claim. [Id. at 2-3]. She did not check any of those options and left the section blank. [Id.]. The form also instructed the Plaintiff that "[a]n appeal from the decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final" and instructed her to note the date on which she received notice of the Commissioner's final decision. [Id. at 3]. The Plaintiff also left this section blank. [Id.]. The form also instructed the Plaintiff to attach a "copy of the Commissioner's final decision" and a "copy of the notice you received that your appeal was denied from the Social Security Appeals Council." [Id.]. While the Plaintiff filed numerous documents with her Complaint, including a notice that her claim for supplemental security income payments was denied initially on January 6, 2022 [Doc. 2 at 5], she did not attach a final decision of the Commissioner or a copy of a notice that her appeal was denied from the Appeals Council.

In the section of the form titled "Statement of Claim," the Plaintiff was instructed to explain why the Court should overturn the commissioner's decision. The Plaintiff wrote the following statement:

> My medical records supposedly weren't able to be all released or uploaded. There was some false information, medical malpractice, and negligence involved. I'm not receiving any workers comp due to workers comp denied letter. Lynne law from Catawba family medicine, claremont North carolina put down

2

> restriction and be place out of work until unknown on October 14 2020 and change it constantly throughout April 2021 due to illegal employment activities. Lynne Law purposefully change restriction to be using one hand on around April 6 2021. August 2022 seek treatment from pain specialist Adaku Nwachukwu from Privium Spine, Washington Dc to be placed out of work due to work injuries extremities. Fear If I reapply for it online it be delay on purpose due to a difficult legal situation over injury that happen on September 11 2020.

[Doc. 1 at 3] (errors uncorrected). In the section titled "Relief," the Plaintiff checked boxes indicating that she would like the Court to do the following: order the defendant to submit a certified copy of the transcript and record, including evidence upon which the findings and decision are based; modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability; and grant any further relief as may be just and proper under the circumstances of this case. [Id. at 4].

On February 13, 2023, the Commissioner filed the present Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Plaintiff has failed to exhaust her administrative remedies and, therefore, this Court lacks subject matter jurisdiction. [Doc. 9]. In support of her motion, the Commissioner filed an affidavit of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate

3

Operations, Social Security Administration, detailing the progress the Plaintiff's claims have made through the Social Security review process as follows: The Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income on August 10, 2021. [Doc. 10-1: Podraza Aff. at ¶ 3(a)]. The Plaintiff's claims were denied initially on January 6, 2022, and upon reconsideration on February 9, 2022. [Id.]. On March 7, 2022, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [Id. at ¶ 3(b)]. On September 1, 2022, the Plaintiff was notified that a hearing was scheduled for November 30, 2022. [Id.]. The hearing occurred as scheduled and, on January 10, 2023, the ALJ issued a decision denying the Plaintiff benefits. [Id. at ¶ 3(d)]. There have been no further administrative appeals. [Id. at ¶ 3(e)].

On February 23, 2022, the Court issued an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of her right to respond to the Commissioner's motion and advising her that a failure to timely respond may result in the Court granting the relief the Commissioner seeks. [Doc. 12]. On March 16, 2023, the Plaintiff filed a Response to the Commissioner's Motion. [Doc. 13]. On April 11, 2023, the Plaintiff appealed the Court's February 23rd Roseboro Order. [Doc. 14]. On April 18, 2023, the Court declined to stay the proceedings in this case

4

pending the Plaintiff's appeal and affording the Commissioner an opportunity to file a reply within fourteen days of the entry of the order. [Doc. 17]. The Commissioner did not file a reply. The Fourth Circuit dismissed the Plaintiff's appeal on June 27, 2023, because she sought to appeal an order that was neither final nor an appealable interlocutory or collateral order. [Doc. 20]. Accordingly, this matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

"[W]hen a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

The Commissioner argues that the Plaintiff has failed to exhaust her administrative remedies and, accordingly, this Court lacks subject-matter

5

jurisdiction. [Doc. 10 at 1]. The Social Security Act sets forth the process by which a social security claimant may obtain judicial review of a decision of the Commissioner of Social Security, providing that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Act further establishes that the procedure for review of a decision of the Commissioner as set forth in § 405(g) is exclusive, providing that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). As the Supreme Court has observed, § 405(h) "'withdraws federal-court jurisdiction under 28 U.S.C. §§ 1331, 1346' and 'serves to route review through § 405(g).'" L.N.P. v. Kijakazi, 64 F.4th 577, 583 (2023) (quoting Smith v. Berryhill, 139 S. Ct. 1765, 1776 N.13 (2019)).

6

"By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." Id. The modern-day exhaustion process is established in regulations promulgated by the Commissioner. 20 C.F.R § 404.900. A modern-day social security claimant has only exhausted her administrative remedies if she completes a four-step process. L.N.P., 64 F.4th at 583. She must (1) seek an initial determination as to her eligibility; (2) seek reconsideration of the initial determination; (3) request a hearing by an ALJ; and (4) seek review of the ALJ's decision by the Appeals Council. Id. at 583-84.

The Commissioner argues that the Plaintiff's failure to complete step four of the exhaustion process deprives this Court of subject-matter jurisdiction. [Doc. 10 at 6]. However, the Supreme Court has explained that the exhaustion process consists of both a nonwaivable, jurisdictional element and a waivable, nonjurisdictional element. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). "The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]." Id. Accordingly, as the Fourth Circuit recently observed, "§ 405(g) confers jurisdiction on district courts to

7

Case 1:22-cv-00253-MR    Document 22    Filed 08/28/23    Page 7 of 9

review claims so long as the claims have been first submitted to the Commissioner. With that jurisdiction, courts may then consider and address questions relating to whether the exhaustion requirement has been satisfied or whether it has been waived or may be excused." L.N.P., 64 F.4th at 585.

In L.N.P., the Fourth Circuit explained that "a motion under Rule 12(b)(1), which addresses a court's subject-matter jurisdiction, does not reach exhaustion issues when the claim has been submitted to [the Social Security Administration]." Id. Here, the Podraza Affidavit establishes that the Plaintiff satisfied the nonwaivable, jurisdictional element of the exhaustion process when she submitted her claims on August 10, 2021. Accordingly, the Plaintiff sufficiently exhausted administrative remedies such that this Court has subject-matter jurisdiction.

To the extent the Plaintiff failed to complete the exhaustion process established in the Commissioner's regulations, such a failure to exhaust is not addressable under a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Because the failure to exhaust administrative remedies "is treated as an affirmative defense," it is also generally not reached by the Court in ruling on a motion brought pursuant to Rule 12(b)(6). Id. While an exception to that general principle exists when "facts sufficient to rule on an affirmative defense [such as exhaustion] are

alleged in the complaint" that is a "rare circumstance[]" not present in this case. Id. at 586 (alteration in original) (internal quotations omitted) (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)). Accordingly, the Court will deny the Commissioner's 12(b)(1) motion without prejudice to her ability to future raise the Plaintiff's failure to exhaust as an affirmative defense.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 9] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge