IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-253-MR

| | |
|---|---|
| PAKUJA CRYSTAL VANG,  )<br>  )<br>        Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>KILOLO KIJAKAZI,  )<br>Acting Commissioner of  )<br>Social Security,  )<br>  )<br>        Defendant.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion for Judgment on the Pleadings [Doc. 26].

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 22, 2022, the Plaintiff, Pakuja Crystal Vang ("Plaintiff") filed this action against Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner"). [Doc. 1]. The Plaintiff utilized a standard "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" form to file her Complaint. [Id.]. In the section titled "Basis for Jurisdiction," she was to check the type of claim she was filing from the following list: Disability Insurance Benefits Claim (Title II);

Supplemental Security Income Claim (Title XVI); Child Disability Claim; or Widow or Widower Claim. [Id. at 2-3]. She did not check any of those options and left the section blank. [Id.]. The form also instructed the Plaintiff that "[a]n appeal from the decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final" and instructed her to note the date on which she received notice of the Commissioner's final decision. [Id. at 3]. The Plaintiff also left this section blank. [Id.]. The form also instructed the Plaintiff to attach a "copy of the Commissioner's final decision" and a "copy of the notice you received that your appeal was denied from the Social Security Appeals Council." [Id.]. While the Plaintiff filed numerous documents with her Complaint, including a notice that her claim for supplemental security income payments was denied initially on January 6, 2022 [Doc. 2 at 5], she did not attach a final decision of the Commissioner or a copy of a notice that her appeal was denied from the Appeals Council.

In the section of the form titled "Statement of Claim," the Plaintiff was instructed to explain why the Court should overturn the commissioner's decision. The Plaintiff wrote the following statement:

> My medical records supposedly weren't able to be all released or uploaded. There was some false information, medical malpractice, and negligence involved. I'm not receiving any workers comp due to

> workers comp denied letter. Lynne law from Catawba family medicine, claremont North carolina put down restriction and be place out of work until unknown on October 14 2020 and change it constantly throughout April 2021 due to illegal employment activities. Lynne Law purposefully change restriction to be using one hand on around April 6 2021. August 2022 seek treatment from pain specialist Adaku Nwachukwu from Privium Spine, Washington Dc to be placed out of work due to work injuries extremities. Fear If I reapply for it online it be delay on purpose due to a difficult legal situation over injury that happen on September 11 2020.

[Doc. 1 at 3] (errors uncorrected). In the section titled "Relief," the Plaintiff checked boxes indicating that she would like the Court to do the following: order the defendant to submit a certified copy of the transcript and record, including evidence upon which the findings and decision are based; modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability; and grant any further relief as may be just and proper under the circumstances of this case. [Id. at 4].

On February 13, 2023, the Commissioner filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Plaintiff has failed to exhaust her administrative remedies and, therefore, this Court lacks subject matter jurisdiction. [Doc. 9]. In support of her motion, the Commissioner filed an affidavit of Janay Podraza, Chief of

Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, detailing the progress the Plaintiff's claims have made through the Social Security review process. [Doc. 10-1].

On August 28, 2023, this Court denied the Defendant's Motion to Dismiss on the grounds that failure to exhaust cannot be addressed on a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). [Doc. 22]. On October 11, 2023, the Defendant filed an Answer to the Plaintiff's Complaint and again filed the affidavit of Janay Podraza as an exhibit to her Answer. [Docs. 24, 24-1].

The Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income on August 10, 2021. [Doc. 24-1: Podraza Aff. at ¶ 3(a)]. The Plaintiff's claims were denied initially on January 6, 2022, and upon reconsideration on February 9, 2022. [Id.]. On March 7, 2022, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [Id. at ¶ 3(b)]. On September 1, 2022, the Plaintiff was notified that a hearing was scheduled for November 30, 2022. [Id.]. The hearing occurred as scheduled and, on January 10, 2023, the ALJ issued a decision denying the Plaintiff benefits. [Id. at ¶ 3(d)]. There have been no further administrative appeals. [Id. at ¶ 3(e)].

On October 25, 2023, the Defendant filed the present Motion for Judgment on the Pleadings on the same grounds, namely, that the Plaintiff has failed to exhaust her administrative remedies. [Doc. 26]. The Plaintiff did not file a Response to the Defendant's Motion, and the time to do so has passed.

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014).

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procure 12(b)(6). See id.; Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401 (4th Cir. 2002). A court thus accepts all well-pled facts as true and construes the facts in the light most favorable to the plaintiff as the nonmoving party. Id. at 405-06; Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, a court does

not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com., Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009). The key difference between Rule 12(b)(6) and Rule 12(c) is that, in ruling on a Rule 12(c) motion the court may consider the answer as well as the complaint. See Hartford Cas. Ins. Co. v. Gelshenen, 387 F. Supp. 3d 634, 637 (W.D.N.C. 2019), aff'd, 2020 WL 1156872 (4th Cir. March 10, 2020).

A court may also consider documents attached to the pleadings, as well as those attached to the motion to dismiss, so long as they are integral to the pleadings and authentic. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)).

## III.  DISCUSSION

Federal district courts have jurisdiction to review social security determinations pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action* commenced within sixty days after the mailing to him of notice of such

> decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

42 U.S.C. § 405(g) (emphasis added). By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit. Specifically, claimants must proceed through a four-step process before seeking review in a federal court. <u>Smith v. Berryhill</u>, 139 S. Ct. 1765, 1772 (2019).

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. <u>See</u> 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

<u>Id.</u>

Under exceptional circumstances, a court may excuse the exhaustion requirement. <u>Bowen v. City of New York</u>, 476 U.S. 467, 483 (1986).

> The Supreme Court has identified three conditions that permit a court to excuse compliance with § 405(g), namely, when (1) the claims are collateral to the claims for benefits; (2) the claimants would be

7

> irreparably injured were the exhaustion requirement enforced against them; and (3) the purposes of exhaustion would not be served by requiring it, as exhaustion would be futile.

L.N.P. v. Kijakazi, 64 F.4th 577, 584 (4th Cir. 2023) (quoting Bowen, 476 U.S. at 483-85 (citations and alterations omitted)).

Here, the Defendant seeks dismissal by asserting the affirmative defense of failure to exhaust administrative remedies. [Doc. 24 at 2]. The Plaintiff did not allege in her Complaint that she has exhausted administrative remedies; she did not provide the date on which the Commissioner issued a final decision, nor did she attach a copy of any final decision to her Complaint. [Doc. 1 at 3]. The Defendant alleges that the Plaintiff did not receive a final decision of the Commissioner because she did not seek review of the ALJ's decision by the Appeals Council as required by federal regulation. See 20 CFR § 416.1400.

In support of this position, the Defendant references the affidavit of Janay Podraza that was filed as an exhibit to her Answer.[1] [Doc. 24-1]. This affidavit describes the consideration process for social security claims and details the timeline of the Plaintiff's case as it has moved throughout this

---

[1] Because this affidavit is integral to the defenses raised in the Defendant's Answer and distills information from documents that are not disputed, it is sufficiently incorporated by reference in the pleadings, and is properly considered here. See Fed. R. Civ. P. 10(c). Philips, 572 F.3d at 180.

process. [Id.]. Specifically, the affidavit states that the Plaintiff received an unfavorable decision from an ALJ on January 10, 2023, but no further administrative appeals have been filed since that date. [Id. at 3]. Nothing in the affidavit conflicts with the allegations in the Plaintiff's Complaint, and the Plaintiff has not disputed the authenticity of the affidavit or the accuracy of the statements alleged therein regarding the state of the record.

Furthermore, the Plaintiff has not alleged any facts that would compel this Court to excuse exhaustion. Her claim here is purely a claim for benefits, she has not alleged that she would be irreparably injured if required to meet the exhaustion requirements, and requiring her to exhaust would not make exhaustion futile. On the contrary, the exhaustion requirements exist so that cases such as the Plaintiff's can be resolved at the agency level under the expertise of the SSA before they reach judicial review.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the Plaintiff did not exhaust her administrative memories as required by 42 U.S.C. § 405(g) and therefore her claim cannot be reviewed on the merits by this Court. As such, the Court will dismiss the Plaintiff's claim without prejudice to her refiling once she has adequately exhausted her administrative remedies.

# ORDER

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge